IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV209
(1:01CR52-6)

| | |
|---|---|
| VENTURA GARCIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER OF DISMISSAL** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255. Because the Court determines this is a successive petition and it has no jurisdiction to consider same, it is dismissed.

## I. PROCEDURAL HISTORY

On February 8, 2005, the Petitioner, through counsel, filed a motion pursuant to § 2255 seeking to correct his sentence based upon the Supreme Court's rulings in *United States v. Booker*, 125 S. Ct. 738 (2005). Because the petition raised only this one issue and the Petitioner would have had until October 4, 2005, to file a § 2255, the Court inquired of counsel if he in fact had obtained the Petitioner's permission to file the motion. **See**, Order, *Garcia v. United States*, **Civil No. 1:05CV30, filed February 16, 2005, at 2.**[1] By Statement of Counsel filed February

---

[1] The Court also advised the Petitioner and counsel that the Supreme Court's decision in *Booker* was not retroactive to cases on collateral review. **See**, Order, *supra*, at 1 (collecting

24, 2005, the attorney advised the Court that the Petitioner had contacted him about the possibility of a reduction in his sentence pursuant to *Booker* and gave counsel permission to file the § 2255 motion on his behalf. ***See*, Order in Civil No. 1:05CV30, filed February 24, 2005.** The Court then dismissed the motion and placed the Petitioner on notice "that no future petitions pursuant to 28 U.S.C. § 2255 may be filed without permission of the United States Court of Appeals for the Fourth Circuit." **Judgment in Civil No. 1:05CV30, filed February 24, 2005.**

## II. DISCUSSION

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
>     (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>     (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
> . . .
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
> . . .
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

***United States v. Winestock*, 340 F.3d 200, 204-05 (4th Cir. 2003).** "The ultimate question here is whether [Petitioner's] motion for [relief] should [be] treated as a successive collateral review application." ***Id.*, at 203.**

---

**cases).**

As previously noted, the Petitioner has already filed one motion pursuant to § 2255. The undersigned has no jurisdiction to entertain a second one unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is a successive petition, it must be presented in the first instance to the Fourth Circuit. ***Winestock*, *supra*, at 205.** As a result, the undersigned has no jurisdiction to entertain any of the claims presented.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion is a successive motion pursuant to 28 U.S.C. § 2255 and is hereby **DISMISSED** for lack of jurisdiction.

**Signed: June 8, 2005**

Lacy H. Thornburg  
United States District Judge