IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:05cv209
[Criminal Case No. 1:01cr52-7]

| | |
|---|---|
| VENTURA GARCIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's *pro se* Motion for Rule 59 [Doc. 11], motion for an extension of time[1] [Doc. 12], and Response to Rule 59 Evidentiary Hearing [Doc. 13].

## PROCEDURAL HISTORY

The Petitioner was found guilty by a jury of conspiracy to possess with

---

[1]The Petitioner mistakenly captioned his motion for an extension of time as an Order. When the Clerk of Court mailed a file-stamped copy of this motion to him, the Petitioner thought the document was an actual order from the Court. That mistake led him to file the third document which he captioned a Response. [Doc. 13].

1

intent to distribute at least fifty grams of methamphetamine. He was sentenced to 360 months of imprisonment. His conviction and sentence were upheld on direct appeal. United States v. Garcia, 87 Fed.Appx. 323 (4th Cir. 2004), *certiorari denied* 543 U.S. 846, 125 S.Ct. 289, 160 L.Ed.74 (2004).

On February 8, 2005, the Petitioner filed his first motion pursuant to 28 U.S.C. §2255 to vacate, correct or set aside his conviction and sentence. Garcia v. United States, Civil Case No. 1:05cv30. That motion was denied on February 24, 2005.

On May 11, 2005, the Petitioner filed his second motion pursuant to §2255. Garcia v. United States, Civil Case No. 1:05cv209. That motion was dismissed as successive on June 8, 2005. The Fourth Circuit dismissed the Petitioner's appeal from that decision. United States v. Garcia, 180 Fed.Appx. 434 (4th Cir. 2006).

## DISCUSSION

More than three years after the dismissal of the Petitioner's civil case, he has moved pursuant to Federal Rule of Civil Procedure 59 for a new trial and to amend his judgment of conviction. In this motion, the Petitioner claims

Apprendi, Blakely and Booker[2] error, illegal enhancement of his offense level based on his role in the offense and possession of firearms, unlawful attribution of drug quantities at sentencing, and ineffective assistance of counsel.

"There are three circumstances in which the district court can grant a Rule 59(e)[3] motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" United States *ex rel.* Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002), *certiorari denied* 538 U.S. 1012, 123 S.Ct. 1929, 155 L.Ed.2d 848 (2003), *quoting* Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 398, 403 (4th Cir. 1998), *certiorari denied* 525 U.S. 1104, 119 S.Ct. 869, 142 L.Ed.2d 771 (1999). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the

---

[2]Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[3]The Petitioner did not move pursuant to Rule 59(e) but merely cited Rule 59. In any event, the motion is untimely. Fed.R.Civ.P. 59(b) & (e).

3

ability to address in the first instance." Id. Finally, "mere disagreement [with the Court's ruling] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

Although the Petitioner has parroted the language of Rule 59, none of these circumstances apply. The Petitioner clearly seeks to relitigate the claims raised in his first two motions pursuant to §2255. The claims asserted in this motion directly attack the Petitioner's conviction and sentence and have been previously addressed by this Court as well as the Fourth Circuit. See, Garcia v. United States, 1:05cv30 [Doc. 2]; Garcia v. United States, 1:05cv209 [Doc. 3]; United States v. Garcia, 180 Fed.Appx. 434 (4th Cir. 2006). The Petitioner is continuing to attack his conviction and sentence and, as a result, this Court does not have jurisdiction to consider the motion because it is an attempt to circumvent the restriction on successive §2255 motions. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003), *certiorari denied* 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003) (petitioner may not circumvent the restriction on successive §2255's by attaching a different label to the pleading).

Moreover, even if a new claim had been alleged, allowing the Petitioner to raise it under the guise of Rule 59 would defeat the requirement of

4

§2255(h) that subsequent claims be certified by a court of appeals. Id., at 207; see, *e.g.*, United States v. Little, 325 Fed.Appx. 241 (4th Cir. 2009); United States v. Mann, 141 Fed.Appx. 175 (4th Cir. 2005), *certiorari denied* 549 U.S. 1056, 127 S.Ct. 662, 166 L.Ed.2d 520 (2006) ("Mann's self-styled motion under Rule 59(e) is, in substance, a successive motion attacking his conviction and sentence under §2255."); *accord*, United States v. Martin, 132 Fed.Appx. 450 (4th Cir. 2005); Stewart v. United States, 2008 WL 4980388 (W.D.N.C. 2008), *appeal dismissed* 328 Fed.Appx. 262 (4th Cir. 2009).

To the extent an argument could be made that the motion is actually one pursuant to Federal Rule of Criminal Procedure 33 for a new trial, the motion was made more than five years after the Petitioner's verdict. It is therefore untimely. Fed.R.Crim.P. 33.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's *pro se* Motion for Rule 59 [Doc. 11] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's *pro se* motion for an extension of time [Doc. 12] is hereby **DENIED** as moot.

The Petitioner is placed on notice that should he desire to file a motion

5

pursuant to 28 U.S.C. §2255, he must make application for certification of a successive motion to the United States Fourth Circuit Court of Appeals.

The Clerk of Court is instructed to terminate Documents 442 and 443 in Criminal Case No. 1:01cr52-7.

Signed: April 29, 2010

Martin Reidinger
United States District Judge